IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 JUL 31 PM 4: 27
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **CITIFINANCIAL CORPORATION, LLC,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action Number |
| | ) | 02-C-0677-S |
| **EUNICE WALKER,** | ) | |
| Defendant. | ) | |

ENTERED
JUL 3 1 2002

## MEMORANDUM OPINION

Plaintiff Citifinancial's Petition has brought this action to compel arbitration of Defendant Eunice Walker's claim. For the reasons stated herein, the motion is due to be granted.

### I. Facts

On November 17, 1999, Defendant entered into a loan transaction with CitiFinancial Corporation, in which she borrowed $9,225.01, to be repaid at a monthly rate. The Disclosure Statement, Note, and Security Agreement ("DSNSA") include arbitration provisions, which generally obligate the parties to arbitrate all claims over $15,000 or more. The DSNSA also contains the following provision:

> [a]ny party to [the agreement to Arbitrate] may bring an action, including a summary or expedited proceeding, to compel arbitration of any Claim, and/or to stay the litigation of any Claims pending arbitration, in any court having jurisdiction. Such motion may be brought at any time, even if the Claim is part of a lawsuit, up until the entry of a final judgment.



In January 2001, Plaintiff filed in the District Court of Jefferson County, Alabama, an action for $9,711.75 against Defendant, alleging that she had defaulted on the loan. Following a trial, on December 3, 2001, the District Court entered judgment against Defendant in the amount sought by Plaintiff. Defendant has appealed the judgment to the Circuit Court of Jefferson Count , Alabama on December 12, 2001. When the appeal was docket in the Circuit Court, Defendant filed a counterclaim against Plaintiff for various torts and seek a total amount of $74, 500.00.

Plaintiff timely petitioned this Court to compel arbitration of any and all claims of Defendant against CitiFinancial.

II.

This Court has jurisdiction under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Section 4 of the FAA authorizes federal district courts to enforce agreements to arbitrate made in interstate commerce, regardless of where the lawsuit between the parties is pending.

Defendant denies that the DSNSA implicates interstate commerce. But in that document, Plaintiff expressly acknowledges that "the funding for [the ]transaction will come in whole or in part from sources outside this state, which will constitute interstate commerce within the meaning of the United States Arbitration Act. There is no evidence to the contrary. The loan transaction is governed by the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), as well as numerous other federal consumer lending laws. But for Congress' power to regulate interstate commerce, these laws would not be applicable

2

to the loan transaction at issue. Clearly, the loan transaction involves interstate commerce.

The major defense to arbitration suggested by Defendant is that a final judgment has been entered by the District Court of Jefferson County; and that under the express terms of DSNSA, a party is not entitled to arbitration where final judgment has been entered on a claim. This defense is eviscerated by Defendant's appeal of the District Court judgment, which made the judgment non-final. *See United States Sugar Corp. v. Atlantic Cost Line R. Co.*, 196 F.2d 1015, 1016 (5th Cir. 1952).

Since there is no good reason to deny arbitration, Plaintiff's Petition to Compel Arbitration will be granted by separate order.

Done this __31st__ day of July, 2002.

_____
Chief United States District Judge
U.W. Clemon

3